IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No.  95-10456
Conference Calendar

_____

KENNETH LEE COLEMAN, SR.,

Plaintiff-Appellant,

versus

MICHAEL JONES, TDCJ Health Service Admin.;
HENRY NORRID, Dr.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:94CV00120
- - - - - - - - - -
August 23, 1995
Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Kenneth Lee Coleman, Sr., contends that prison medical personnel were deliberately indifferent to his serious needs because he did not receive tennis shoes with built-in arch supports.

A prison official acts with deliberate indifference under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994); see Reeves v. Collins, 27

_____

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

F.3d 174, 176-77 (5th Cir. 1994) (applying the Farmer standard in the context of a denial-of-medical-care claim). Negligence, neglect, and even medical malpractice do not state a claim under § 1983. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Testimony at the evidentiary hearing conducted pursuant to Spears v. McCotter, 766 F.2d 179, 180 (5th Cir. 1985), indicates that Coleman was prescribed tennis shoes with arch supports by Dr. Grabado following Coleman's testicular surgery. Eventually the shoes wore out, at which time Dr. Norrid prescribed tennis shoes and/or deck shoes. Dr. Revell testified at the Spears hearing that Coleman accepted a pair of deck shoes on July 22, 1993. Dr. Revell also testified that Coleman was seen numerous times and prescribed size 9½, soft sole, canvas deck shoes. Dr. Revell further testified that Coleman was seen a number of times by Dr. Norrid regarding various complaints concerning the deck shoes. Coleman testified at the Spears hearing that on May 25, 1995, he refused to accept the shoes ordered by the medical staff because they did not have built-in arch supports.

The record is devoid of any evidence pointing toward deliberate indifference and indicates nothing more than a disagreement with the medical treatment received. See Varnado, 920 F.2d at 321.

This appeal presents no issue of arguable merit and is thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

APPEAL DISMISSED.